# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOSHUA JEROME SCOTT, *Plaintiff* § § § | |
| v. § | Case No. 1:24-CV-01045-DII-SH |
| § § | |
| LIEUTENANT WASKO #4557, MICHAEL CHRISTOPHER MCCARTHY, HAYS COUNTY SHERIFF GARY CUTLER, AND VICTORIA DANENE BROWN, *Defendants* § § § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT**

Now before the Court are Judge William R. Henry's Motion to Dismiss, filed October 28, 2024 (Dkt. 8); Defendant Michael McCarty's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), filed November 5, 2024 (Dkt. 11); Defendant Sheriff Gary Cutler's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), filed November 15, 2024 (Dkt. 14); and Defendant Victorea Danene Brown's Motion to Dismiss, filed November 21, 2024 (Dkt. 16).[1]

### I.   Background

Plaintiff Joshua Jerome Scott was charged with the third-degree felony of obstruction or retaliation, in violation of Texas Penal Code § 36.06(c), in the 428th District Court in Hays County, Texas. *State v. Scott*, No. CR-22-4872-D (428th Dist. Ct., Hays Cnty., Tex. Sept. 14, 2022). After his case was adjudicated and he was released from jail, Scott filed this suit *pro se* under 42 U.S.C.

---

[1] The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

§ 1983 against four "judicial officers" who allegedly were involved in his case; Hays County prosecutor Michael McCarty, who prosecuted his case; his defense counsel, Victorea Danene Brown; Lieutenant Wasko #4557, who allegedly arrested him; and Hays County Sheriff Gary Cutler. Complaint, Dkt. 1. Scott alleges that his indictment contained false information and the defendants conspired against him in violation of Texas Penal Code § 15.02. *Id.* at 3. Scott has amended his Complaint, removing the judicial officers as defendants, but continues to assert one conspiracy claim to commit fraud against Defendants. Dkt. 9. He seeks $75 million in damages.

Defendants McCarthy, Cutler, and Brown move to dismiss Scott's claims under Rules 12(b)(1) and 12(b)(6). Scott did not respond to the motions to dismiss.

## II.    Legal Standards

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). The Court does not "accept as true legal conclusions, conclusory statements, or 'naked assertions devoid of further factual enhancement.'" *Id.* (*quoting Iqbal*, 556 U.S. at 678). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, but *pro se* litigants must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Inclusive Comty. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III.    Analysis

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Scott alleges that Defendants "colluded against the Plaintiff" and were involved in a "conspiracy to commit fraud" in violation of the Texas Penal Code. Dkt. 9 at 2, 4. Defendants McCarthy, Cutler, and Brown argue that (1) Scott's allegations are conclusory and he does not show how they were involved in a conspiracy to commit fraud or otherwise violated his constitutional rights, and (2) the Texas Penal Code does not create a private cause of action.

Scott did not respond to the motions to dismiss or otherwise defend his claims. "This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.), *cert. denied*, 144 S. Ct. 348 (2023); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (stating that plaintiff abandoned claim by failing to defend it in response to motion to dismiss). The Court finds that Scott has abandoned his claims against Defendants Cutler, McCarthy, and Danene by failing to respond to their motions to dismiss.

The Court also finds that Scott does not state a plausible conspiracy claim against Defendant Wasko. Scott alleges that Wasko colluded with Cutler and McCarthy in violation of § 1983 and

Texas Penal Code § 15.02. Because the Texas Penal Code does not create a private cause of action, his claim that Wasko violated the statute fails as a matter of law. *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828, 836 (W.D. Tex. 2013); *Hamilton v. Pechacek*, 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.).

Scott alleges that "Wasko #4557 and Hays County Sheriff Gary Cutler Along with Michael Christopher McCarthy colluded against the Plaintiff." Dkt. 9 at 2. Wasko, Cutler, and McCarthy are all Hays County employees and constitute a single entity. Though a civil conspiracy claim under § 1983 is cognizable, Scott does not allege a plausible conspiracy claim because a single legal entity is incapable of conspiring with itself for the purposes of § 1983. *Thompson v. City of Galveston*, 979 F. Supp. 504, 512 (S.D. Tex. 1997), *aff'd*, 158 F.3d 583 (5th Cir. 1998) (granting motion to dismiss conspiracy claim against the Galveston Police Department and its employees because they "constitute a single legal entity which is incapable of conspiring with itself").

Finally, Because Scott removed Judge Henry as a defendant, his motion to dismiss is moot.

## IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court

(1) **GRANT** Defendants Michael McCarty, Sheriff Gary Cutler, and Victorea Danene Brown's Motions to Dismiss (Dkts. 11, 14, 16);

(2) **DISMISS** as moot Judge William R. Henry's Motion to Dismiss (Dkt. 8); and

(3) **DISMISS** Joshua's Jerome Scott's suit in its entirety under Rule 12(b)(6) with prejudice.

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable District Court.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 10, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE