UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Joshua Jerome Scott,<br>    *Plaintiff*<br><br>v.<br><br>Lieutenant Wasko #4557, Michael Christopher McCarthy, Hays County Sheriff Gary Culter, and Victorea Danene Brown,<br>    *Defendants* | Case No. 1:24-cv-01045-ADA |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower. Dkt. 22. For the reasons below, the report is adopted in part and rejected in part.

On March 10, 2025, Judge Hightower issued her report and recommendation concerning Defendant Judge William R. Henry's Motion to Dismiss (Dkt. 8), Defendant Michael McCarthy's Motion to Dismiss (Dkt. 11), Defendant Sheriff Gary Cutler's Motion to Dismiss (Dkt. 14), and Defendant Victorea Danene Brown's Motion to Dismiss (Dkt. 16). (R. & R., Dkt. 22). Within fourteen days after receiving the report and recommendation, Plaintiff filed a Motion for Summary Judgment. *See* Dkt. 25, 26.

A party may file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). But a district court need not consider "[f]rivolous, conclusive

1

or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation marks and citation omitted) *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

The Court construes Plaintiff's summary judgment motion as an objection to the report and recommendation. *See, e.g.*, *Eurings v. Gusman*, No. CV 18-3336, 2018 WL 3471201, at *1 (E.D. La. July 19, 2018) (construing summary judgment motion as an objection to magistrate's report and recommendation). Nevertheless, the Court need not conduct a *de novo* review because Plaintiff did not specifically object to any part of the report and recommendation. *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 753 (W.D. Tex. 2019) ("Findings to which no specific objections are made do not require *de novo* review.").

Because Plaintiff failed to make specific objections, the Court reviews the report and recommendation for clear error. *Henderson v. Wells Fargo Bank*, No. 2:23-CV-00166, 2025 WL 957599, at *1 (S.D. Tex. Mar. 31, 2025) ("As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law."). "A finding is clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed." *Burns v. Nielsen*, 456 F. Supp. 3d 807, 818 (W.D. Tex. 2020) (quotation marks and citations omitted).

The Court finds that one aspect of the report and recommendation is clearly erroneous. In her report, Judge Hightower recommended that this Court grant McCarthy, Cutler, and Brown's motions to dismiss. Dkt. 22, at 4. Judge Hightower

reasoned that Plaintiff had abandoned his claims against these defendants by failing to respond to their motions to dismiss. *Id.* at 3 (relying on *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.), cert. denied, 144 S. Ct. 348 (2023)).

The Fifth Circuit has held that the "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012*); see also Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (finding that district court improperly granted defendant's motion to dismiss solely because plaintiff failed to oppose the motion).[1] In light of this authority, the Court finds that it would be clear error to grant McCarthy, Culter, and Brown's motions to dismiss on the basis that Plaintiff abandoned his claims against them.

The Court next considers whether these motions should be granted on a different basis. First up is McCarthy's motion. McCarthy moved to dismiss Plaintiff's first amended complaint. Dkt. 11, at 1. At the time McCarthy filed his motion, however, Plaintiff had already filed a second amended complaint. Dkt. 9. Because McCarthy did not move to dismiss the operative complaint,[2] the Court finds that his

---

[1] To be fair, the Fifth Circuit has said that "a party abandons a claim by failing to defend it in response to motions to dismiss." *McClelland*, 63 F.4th at 1010. But the Fifth Circuit seems to have been referring to situations where the plaintiff *actually* responds to the motion to dismiss. *See id.*; *see also Wesner as Tr. of Charles Wesner Jr. Living Tr. v. Southall*, 772 F. Supp. 3d 700, 707 (N.D. Tex. 2023) (noting that when the Fifth Circuit has supported a district court's authority for finding claims abandoned, "the nonmoving party filed a response to the motion").

[2] Although Judge Hightower did not expressly grant Plaintiff leave to file a second amended complaint, she based her analysis on his second amended complaint. Dkt. 22, at 3–4. Courts are permitted to construe an amended complaint as a request for leave to amend and thereby grant the request. *See, e.g.*, *Martinez-Balderas v. United States*, No. CIV.A. 5-10-111, 2011 WL 1436106, at *2 (S.D. Tex. Apr. 14, 2011). Thus, the Court finds that Judge Hightower did

motion to dismiss should be denied. *See, e.g.*, *Freeman v. Sw. Bell Corp.*, No. 05-CV-235-TCK-PJC, 2006 WL 8457255, at *2 (N.D. Okla. Apr. 14, 2006) ("As Defendants have not addressed the complaint at issue in this lawsuit, the motion to dismiss should be denied.").

Next up is Cutler's motion. Unlike McCarthy, Culter moved to dismiss the operative complaint. Dkt. 14, at 1. Culter argues that "Plaintiff sets forth conclusory allegations and legal conclusions, neither of which are sufficient to survive a motion to dismiss." *Id.* at 4. The Court agrees. Plaintiff alleges that Culter "colluded" with the other defendants in this action, Dkt. 9, at 2, but Plaintiff has not pleaded sufficient factual content to support this speculation. Accordingly, the Court finds that Culter's motion to dismiss should be granted. *See Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (noting that "naked allegations or legal conclusions masquerading as something more will not thwart dismissal.").

Last up is Brown's motion. Brown appears to have made the same mistake as McCarthy. Dkt. 16. Although Brown does not say which complaint she is moving to dismiss, her arguments demonstrate that she moves to dismiss the first amended complaint. For example, Brown argues that she "is never mentioned in Plaintiff's factual allegations." Dkt. 16, at 4. That is true for the first amended complaint, Dkt. 3, at 2, but it is not true for the second amended complaint, Dkt. 9, at 2–3. The second amended complaint includes specific allegations against Brown in the background

---

not commit clear error in treating Plaintiff's second amended complaint as the operative complaint.

section. *Id*. Because Brown did not move to dismiss the operative complaint, the Court finds that her motion to dismiss should be denied.

The Court now turns to the remaining portions of Judge Hightower's report and recommendation. In addition to the motions to dismiss discussed above, Judge Hightower also addressed Judge Henry's motion to dismiss and Plaintiff's claims against Lieutenant Wasko #4557. Dkt. 22, at 3–4. Specifically, Judge Hightower found that Judge Henry's motion to dismiss is moot and that Plaintiff failed to state a plausible claim against Wasko. *Id*. The Court has reviewed these portions of the report and recommendation for clear error. Having found no such clear error, the Court adopts the report and recommendation in this regard.

In closing, the Court adopts in part and rejects in part the report and recommendation (Dkt. 22). **IT IS ORDERED** that McCarthy's Motion to Dismiss (Dkt. 11) is **DENIED**; Cutler's Motion to Dismiss (Dkt. 14) is **GRANTED**; Brown's Motion to Dismiss (Dkt. 16), is **DENIED**; Judge Henry's Motion to Dismiss is **DISMISSED** as moot; and Plaintiff's claims against Cutler and Wasko are **DISMISSED** with prejudice.

**SIGNED** on August 5, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE